# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-41062
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ESPINOZA-ROCHA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-735-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Manuel Espinoza-Rocha appeals the 96-month sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He contends that the district court's upward departure and variance from the recommended Guidelines range of 57 to 71 months was procedurally and substantively unreasonable. We review sentences first for procedural error and then for substantive reasonableness, which we review for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41062

For the first time on appeal, Espinoza argues that the district court relied on the "clearly materially erroneous assumption" that he received a lenient sentence for a prior conviction. Espinoza fails to show that the district court plainly erred in reciting the prior sentence imposed, in concluding that a five year sentence was light compared to the maximum possible sentence of 20 years, or that any alleged error was material in light of the numerous other factors the district court cited in support of the sentence. *See United States v. Warren*, 720 F.3d 321, 331 (5th Cir. 2013); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005). The district court pointed out that Espinoza had a number of convictions for driving while intoxicated and many crimes for which he did not receive any criminal history points. Specifically, the court noted Espinoza's prior conviction for sexual assault in 1994 and his immediate illegal reentry into the United States and drunk driving conviction thereafter. The district court's rejection of Espinoza's arguments in favor of mitigation fell well within its wide discretion in such matters and thus also resulted in no plain error. *See United States v. Moore,* 708 F.3d 639, 651 n.6 (5th Cir. 2013).

Espinoza contends that the district court procedurally erred by failing to adequately explain the upward departure or variance. Although it is unclear from the record whether Espinoza waived this challenge, we need not decide the standard of review as his contention fails under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). After reviewing the record, we are satisfied that the district court provided a sufficient explanation for the upward variance and the extent of the variance. *See United States v. Smith*, 440 F.3d 704, 707-10 (5th Cir. 2006). We do not consider the propriety of the sentence as an upward departure pursuant to U.S.S.G. § 4A1.3 because the sentence may be affirmed on the district court's alternate basis for the sentence as an upward variance justified by the 18 U.S.C. § 3553(a) factors. *See United States v. Bonilla*, 524 F.3d 647, 656-59 (5th Cir. 2008).

No. 12-41062

As to the substantive reasonableness of the sentence, the district court tied its detailed explanation of the reasons for the sentence to specific facts and particular § 3553(a) factors. The explanation was sufficient to justify the variance and its extent. *See Gall*, 552 U.S. at 49-53. Although the district court varied upward to 96 months of imprisonment from the 57 to 71 month guidelines range, the variation was not unreasonable. *See United States v. McElwee*, 646 F.3d 328, 342, 344-45 (5th Cir. 2011). The district court's judgment is AFFIRMED.